**STATE ex WILLIAMS, Plaintiff, v. GILLETTE, Defendant.**

Common Pleas Court, Lawrence County.

No. 31345.   Decided September 8, 1950.

Irish, Riley & Riley, Ironton, for plaintiff.
Roy L. Henry, Ironton, for defendant.

## DECISION

By COLLIER, J.:

This is an action in mandamus in which the relator in her petition alleges that I. N. Crabtree is a duly elected, qualified and acting Justice of the Peace in and for Fayette Township, Lawrence County, Ohio, and that on the — day of July, 1950, the relator, Hazel Williams, swore to, and filed nine affidavits in the court of the said I. N. Crabtree, Justice of the Peace, for the arrest of several law violators and the search of several places; that the affidavits filed with the Justice of the Peace charge the defendants with operating slot machines and the illegal sale of intoxicating liquor. The persons charged with criminal offenses in the Justice of the Peace court, with one exception, are named as John Doe, real name unknown, operator of Frontier Club, Gulf Gasoline Station, Spot Lunch, etc. It is further alleged that the Justice of the Peace issued warrants on these affidavits and placed them in the hands of the respondent, Clyde Gillette, who is a duly elected, qualified and acting Constable of Fayette Township, Lawrence County, Ohio, and that he has refused to serve them.

To this petition the defendant, Clyde Gillette files an answer in which he admits that he is a duly elected and qualified Constable in Fayette Township, and that I. N. Crabtree is a duly elected, qualified and acting Justice of the Peace in Fayette Township, and admits that certain warrants were obtained by relator, Hazel Williams, and denies all other allegations in the petition. The respondent in his answer further claims that the warrants issued by the Justice of the Peace of Fayette Township for the arrest of persons living in Union and Rome townships, and that the affidavits allege the offenses were committed in Union and Rome townships, and that the places to be searched are located in Union and Rome townships, and that he as Constable of Fayette Township is without authority of law to make searches and seizures and arrests in Union and Rome townships. The material facts in the case are not disputed, no testimony was taken and the case has been submitted upon an agreed statement of facts by stipulation of counsel.

Mandamus is a writ issued in the name of the state, to an inferior tribunal, corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty, resulting from an office, trust or station. It is fundamental that the act must be one which the law specially enjoins as a duty resulting from an office, trust or station. Or, stated another way, the duty, performance of which is to be enforced must be mandatory. When an officer refuses to perform a duty plainly and clearly enjoined on

him by law, he may be compelled to perform such duty by a writ of mandamus, but, of course he cannot be compelled to perform a duty that the law does not require to be performed. Needless to say on officer cannot be compelled to exceed his authority and go beyond the call of duty and perform an unauthorized act. Therefore, it becomes important in this case to determine whether a constable of one township has any authority to make an arrest on a warrant for an offense alleged to have been committed in another township, and also whether he has authority to execute a search warrant in another township, and also whether the justice of the peace of one township has authority and jurisdiction to issue a warrant for the arrest of a person, and the search of a place for an offense committed in another township. In other words, we must determine the validity of the warrants issued by Squire Crabtree and placed in the hands of the respondent, Gillette. If the warrants are legal the law enjoins a duty upon the respondent to serve the warrants, but if the warrants are illegal he cannot be compelled to act on them.

A justice of the peace has only such jurisdiction as is conferred upon him by statute, and there have been some changes made in the law in recent years limiting the jurisdiction of a justice of the peace to his own township with certain exceptions. **Sec. 13422-2 GC**, defines the jurisdiction of justices of the peace in criminal matters, and so far as applicable reads:

"A justice of the peace shall be a conservator of peace and have jurisdiction in criminal cases throughout the township in which he is elected and where he resides, and county wide jurisdiction in all criminal matters only upon affidavit or complaint filed by the prosecuting attorney, or upon affidavit or complaint made by the sheriff, the party injured, or any authorized representative of a state or federal government, in the event there is no other court of concurrent jurisdiction other than the common pleas court, police court or mayor's court." (Emphasis ours.)

In the agreed statement of facts it is admitted that the relator, Hazel Williams gambled and lost money in slot machines exhibited by the persons named in the affidavit. The "party injured," is defined in **Hanaghan v. State, 51 Oh St 24,** as a person who suffers some particular injury from the commission of the misdemeanor, as distinguished from that which results to the public or local community where it was committed. Apparently a person who loses money in a slot machine sustains an injury different than people generally,

and in my opinion such person is an "injured party," as that term is used in this statute. But, let us look at this statute to determine when a justice of the peace has county wide jurisdiction, when the complaint is filed by the "injured party" and other persons therein named. Omitting the language of the statute which has no application to this question, the statute reads:

"A justice of the peace shall—have—county wide jurisdiction in all criminal matters only upon affidavit—by the party injured, in event there is no other court of concurrent jurisdiction other than the common pleas court, police court or mayor's court."

If we understand this statute, a justice of the peace has county wide jurisdiction in criminal matters only in the event there is no court in the township where the offense is committed similar to a justice of the peace court, or, to use the language of the statute "of concurrent jurisdiction." It is admitted in this case that there are justices of the peace in the other two townships where the offenses are alleged to have been committed, and, therefore, the justice of the peace in Fayette Township, under this statute has no authority to assume jurisdiction of an alleged offense committed in Union and Rome townships.

Sec. 13430-1 GC authorizes the issuance of a search warrant. We have had occasion in recent months to familiarize ourselves with this statute, and it reads as follows:

"A magistrate * * * or when the building, house, erection or place or any separate part or portion thereof to be searched is situated in a township or municipality having no magistrate, a judge of any court having jurisdiction in that county may issue warrants to search such house or place."

It will be noted that under §13430-1 GC a search warrant may be issued by a judge of any court having county wide jurisdiction only when the place to be searched is situated in a township having no magistrate. If there was no magistrate in Union or Rome townships, a justice of the peace in Fayette Township could issue a search warrant for the search of a place in such township having no magistrate, but, when there is a justice of the peace in both Union and Rome townships, a justice of the peace or magistrate in another township has no such authority.

This may be an unwise statute, and it may be true as argued by counsel that in correcting the evils that existed prior to the recent changes, the present statutes create a worse situation than existed before the change, but if this is true, it is the duty of the legislature to make the correction—courts

have no legislative powers, and must take the statutes as we find them.

For the reasons above stated we must reach the conclusion upon a consideration of these statutes, the warrants issued by I. N. Crabtree, Justice of the Peace of Fayette Township, and placed in the hands of the respondent, Gillette, as constable of Fayette Township, are illegal warrants; that upon the undisputed facts in this case Squire Crabtree has no jurisdiction to issue said warrants; that the respondent may not be compelled by a writ of mandamus to serve illegal warrants; that the relator has shown no clear right for the issuance of a writ of mandamus, and, therefore the writ is denied.